### PEOPLE v. EARLY et al.

(Common Pleas of New York City and County, General Term.   December 4, 1893.)

De Lancey Nicoll, for the People.
Miller, Peckham & Dixon, for defendants.

No opinion. The judgment having been paid, as appears by the receipt of the district attorney, the order for its cancellation is granted.

---

### PEOPLE v. WILLIAMS et al.

(Common Pleas of New York City and County, General Term.   December 4, 1893.)

De Lancey Nicoll, for the People.
C. J. Schampion, for defendants.

No opinion. Application granted. Forfeiture of recognizance remitted, and order to be entered restoring the sum deposited to the party depositing the same.

---

### PEOPLE v. CUNNINGHAM et al.

(Common Pleas of New York City and County, General Term.   December 4, 1893.)

De Lancey Nicoll, for the People.
Thos. E. Rush, for defendants.

No opinion. Application to vacate judgment entered on a forfeited recognizance. It appearing satisfactorily that the people had lost no rights, or suffered expense, the application should be granted.

---

### PEOPLE v. SILVERMAN et al.

(Common Pleas of New York City and County, General Term.   December 4, 1893.)

De Lancey Nicoll, for the People.
H. F. Repper, for defendants.

PER CURIAM. The prisoner having been surrendered, and, upon confession, convicted and fined, and having paid his fine, a case is presented for the cancellation of the judgment against his surety when the application comes properly before us. But our rule 13 requires that eight days' notice shall be given the district attorney; and as, in this case, no notice whatever was given, the petition must be denied, with leave, however, to renew. Application denied, with leave to renew on notice to the district attorney.